Pamela Robillard Mackey
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Telephone (303) 831-7364
Facsimile (303) 832-2628
pmackey@hmflaw.com

William A. D'Alton
D'ALTON LAW FIRM, P.C.
214 North 24th Street
P.O. Box 702
Billings, MT 59103-0702
Telephone: (406) 245-6643
Facsimile: (406) 245-6693
bdaltonlaw@aol.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  CR-10-100-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | JEROME D. MANCUSO'S BRIEF IN |
| vs. | ) | SUPPORT OF MOTION TO |
| | ) | DISMISS COUNTS I-II BECAUSE |
| JEROME D. MANCUSO, | ) | THEY ARE MULTIPLICITOUS |
| | ) | |
| Defendant. | ) | |

Jerome D. Mancuso, by and through counsel, Pamela Robillard Mackey of

the law firm Haddon, Morgan and Foreman, P.C., moves under Federal Rule of

Criminal Procedure 12(b) to dismiss Counts I-II on the ground they are

multiplicitous in violation of Rule 8(a), and the Due Process and Double Jeopardy clauses of the Fifth Amendment to the United States Constitution.

1.    **Legal standards.** An indictment is multiplicitous, and therefore defective, when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions. *E.g., United States v. Stewart,* 420 F.3d 1007, 1012 (9th Cir. 2005); *Qualls v. Goldsmith*, 178 Fed. Appx. 767, 771 (9th Cir. 2006).

2.    A multiplicitous indictment "creates an exaggerated impression of a defendant's criminal activity by charging 'an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed.'" *United States v. Polizzi,* 257 F.R.D. 33, 36 (E.D.N.Y. 2009) (quoting *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). Multiplicitous counts present serious challenges to the integrity of jury trials:

> The reason for keeping unnecessary counts from the jury is that, once such a message of repeated crimes is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue, and compromise verdicts or *assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system*.

*Id.* at 37 (brackets and internal quotations omitted).

3.    Additionally, a multiplicitous indictment may cause a defendant to be punished more than once for a single offense. *E.g., United States v. Hurt*, 795 F.2d 765, 774 (9th Cir. 1986).

4.    Multiplicity arises in three distinct contexts. It may arise when two or more statutes proscribe the same criminal conduct. *See, e.g., Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Zalapa*, 509 F.3d 1060, 1062 n.1 (9th Cir 2007). It may arise when a statute prohibits multiple ways of committing the same offense. *See Ladner v. United States,* 358 U.S. 169 (1958).

5.    The case at bar concerns the third context—where a series of acts is charged as multiple, separate crimes even though the acts are only a single crime. *See Sanabria v. United States*, 437 U.S. 54, 65-67 & n.20 (1978); *United States v. Universal C.I.T. Cred. Corp.*, 344 U.S. 218, 224-25 (1952). This type of multiplicity ("*Sanabria* multiplicity") "often is the product of a prosecutor's mistaken assumption that a particular statute creates several separate offenses rather than a single crime that can be accomplished through multiple means." 5 Wayne R. LaFave, *et al.*, *Criminal Procedure* § 19.3(c) (3d ed. 2009).

6.    **Counts I-II are multiplicitous.** Count I alleges that Dr. Mancuso continuously during the period January 1, 2002-July 2009 possessed with intent to distribute "over 500 grams of cocaine," in violation of 21 U.S.C. § 841(a)(1). Count II alleges that he continuously during the *same time period* distributed the

3

*same amount* of the *same controlled substance* (cocaine), in violation of the *same statute*, § 841(a)(1).

7.    When a defendant has alleged the presence of *Sanabria* multiplicity— i.e., the charging of multiple counts under a statute proscribing a course of conduct—the proper inquiry involves the determination of what Congress has made the allowable unit of prosecution. *See Zalapa*, 509 F.3d at 1062.

8.    As to any discrete quantity of a controlled substance, § 841(a)(1) prohibits a course of conduct, namely, the distribution of the controlled substance, or the possession with the intent to distribute the controlled substance. The allowable unit of prosecution is thus the course of conduct prohibited under § 841(a)(1) as to that discrete quantity of controlled substance. For example, a defendant who manufactures 500 grams of cocaine, then possesses it with the intent to distribute it, and then distributes it—cannot be charged with three separate counts for each such act.

9.    Here, Dr. Mancuso is alleged to have possessed with intent to distribute, and to have distributed, 500 grams or more of cocaine. The government may not make two counts out of this course of conduct.

10.    This case is distinguishable from *United States v. Palafox*, 764 F.2d 558, 561 (9th Cir. 1985) (*en banc*) and other related cases in which courts have held that where sequential but related acts of distribution and possession form the basis for

both a charge of distribution and the charge of possession with intent to distribute the defendant may be found guilty of both charges but only one sentence may be imposed.  In *Palafox*, the Ninth Circuit suggested that a defendant who distributed a small portion of heroin from a package of heroin could be charged with both distribution of the small portion of heroin and possession with intent to distribute the large portion of heroin in the package. *Palafox* is distinguishable, however, to the extent the 500 grams charged in the Indictment at bar was distributed *in toto*, as the Indictment suggests. *Cf. People v. Abiodun*, 111 P.3d 462, 464, 468-71 (Colo. 2005) (holding that charge under Colorado statutory analog to § 841(a)(1) for possession with intent to distribute cocaine and charge for distribution of same cocaine in same transaction merged into single offense, citing, in part, *Universal C.I.T. Cred. Corp.*, 344 U.S. at 225).

WHEREFORE, Dr. Mancuso respectfully requests that the Court dismiss Counts I-II on the ground they are multiplicitous or, in the alternative, require the government to elect one of the two counts to pursue.

DATED: October 4, 2010.

Respectfully Submitted,

*/s/Pamela Robillard Mackey*
Pamela Robillard Mackey
HADDON, MORGAN & FOREMAN, P.C.

*/s/ William A. D'Alton*
William A. D'Alton
D'ALTON LAW FIRM, P.C.

*Attorney for Defendant Jerome D. Mancuso*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2) of the Local Rules of the U.S. District Court for the District of Montana, I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the work count calculated by Word 2003 for Windows, is 928 words, excluding Caption, Certificate of Service and Certificate of Compliance.

DATED: October 4, 2010.

Respectfully Submitted,

*/s/Pamela Robillard Mackey*

Pamela Robillard Mackey
HADDON, MORGAN & FOREMAN, P.C.

*Attorney for Defendant Jerome D. Mancuso*

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2010, a copy of the foregoing *JEROME*

*D. MANCUSO'S BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS I-II*

*BECAUSE THEY ARE MULTIPLICITOUS* was served on the following persons

by the following means:

<u>1, 2</u>       CM/ECF
<u>     </u>       Hand Delivery
<u>     </u>       Mail
<u>     </u>       Overnight Delivery Service
<u>     </u>       Fax
<u>     </u>       Email

1. Clerk, U.S. District Court

2. Jim Seykora, Esq.
Assistant U.S. Attorney
P.O. Box 1478
Billings MT 59103
Phone: 406-247-4644
Fax: 406-657-6989
E-Mail: jim.seykora@usdoj.gov


*/s/Pamela Robillard Mackey*
*Pamela Robillard Mackey*
*HADDON, MORGAN & FOREMAN, P.C.*

*Attorney for Defendant Jerome D. Mancuso*