IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JEROME DANIEL MANCUSO,** )<br>)<br>Defendant. )<br>_____ ) | Cause No. CR-10-100-BLG-RFC<br><br><br><br>**ORDER REGARDING NOTICE** |

Defendant has filed a Motion to Dismiss [Doc. 19], claiming that Counts I and II of the Indictment fail to provide notice guaranteed under the Fifth and Sixth Amendments to the United States Constitution. The government opposes said motion.

Defendant was indicted on drug charges on August 23, 2010. Counts I and II charge Defendant with Possession with Intent to Distribute Cocaine and Distribution of Cocaine, in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Fed.R.Crim.P. 7(c)(1) requires the following:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed

>     the offense are unknown or that the defendant committed it by one or
>     more specified means.  For each count, the indictment or information
>     must give the official or customary citation of the statute, rule,
>     regulation, or other provision of law that the defendant is alleged to
>     have violated.

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. U.S.*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).  An indictment provides the "essential facts necessary to apprise a defendant of the crime charged; [and so] need not specify the theories or evidence upon which the government will rely to prove those facts." *United States v. Cochrane*, 985 F.2d 1027 (9th Cir.1993).  Moreover, an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Givens*, 767 F.2d 574, 584 (9th Cir.1985) (citations omitted).

The Indictment in this case is sufficient in that Defendant can read and understand the offenses charged in Counts I and II so that he is able to provide a defense.  There is no requirement for an indictment to include theories for prosecution or anticipated evidence.

Therefore, Defendant's Motion to Dismiss Counts I-II for Failure to Provide Constitutionally Required Notice [*doc. 19*] is **DENIED**.

Dated this 4th day of January, 2011.

                                      */s/ Richard F. Cebull*_____
                                      RICHARD F. CEBULL
                                      U.S. DISTRICT COURT JUDGE