# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Cause No. CR-10-100-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **DEFENDANT'S MOTION TO** |
| **JEROME DANIEL MANCUSO,** | ) | **DISMISS** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a Motion to Dismiss [Doc. 21], claiming that Counts I-III of the Indictment are barred by the statute of limitations. The government opposes said motion.

Defendant was indicted on drug charges on August 23, 2010. Count I alleges that between January 1, 2002 and continuing thereafter until the end of July 2009, Defendant possessed with intent to distribute over 500 grams of cocaine, in violation of 18 U.S.C. § 841(a)(1).

Count II alleges that between January 1, 2002 and continuing thereafter until the end of July 2009, Defendant distributed over 500 grams of cocaine, in violation of 18 U.S.C. § 841(a)(1).

-1-

Count III alleges that between January 1, 2002 and continuing thereafter until the end of July 2009, Defendant used his residence to distribute and use cocaine, in violation of 18 U.S.C. § 856(a)(1).

Defendant argues that the Indictment charges beyond the five year statute of limitations in that it alleges violations of § 841(a)(1) and § 856(a)(1), over a period of more than seven and a half years.

"[T]he applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 322 (1971) (internal quotations and ellipses omitted). The acts outside of the statute of limitations can be used as either prior similar bad acts under Fed.R.Crim.P. 404(b) or part of a common scheme or design by the Defendant. The statute of limitations does not bar the introduction of evidence of acts that occurred outside the limitations period. *U.S. v. Baker*, 10 F.3d 1374, 1410 (9th Cir. 1993).

This Court can properly instruct the jury as to the applicable statute of limitations and differentiate at trial by appropriate rulings, whether the evidence is 404(b) or applicable to each charge.

Therefore, Defendant's Motion to Dismiss Counts I-III because they are barred by the Statute of Limitations [*doc.  21*] is **DENIED**.

DATED this 4th day of January, 2011.

_/s/ Richard F. Cebull_____
RICHARD F.  CEBULL
U.S. DISTRICT COURT JUDGE