IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Cause No. CR-10-100-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **DEFENDANT'S MOTION TO** |
| **JEROME DANIEL MANCUSO,** | ) | **STRIKE SURPLUSAGE** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a Motion to Strike Surplusage from the Indictment [Doc. 27], claiming that the allegation of "over 500 grams of cocaine" in Counts I and II of the Indictment are prejudicial surplusage that should be stricken. The government opposes said motion.

Defendant was indicted on drug charges on August 23, 2010. Count I alleges that between January 1, 2002 and continuing thereafter until the end of July 2009, Defendant possessed with intent to distribute over 500 grams of cocaine, in violation of 18 U.S.C. § 841(a)(1).

Count II alleges that between January 1, 2002 and continuing thereafter until the end of July 2009, Defendant distributed over 500 grams of cocaine, in violation of 18 U.S.C. § 841(a)(1).

Federal Rule of Criminal Procedure 7(d) addresses striking surplusage from an Indictment and states: "Upon the defendant's motion, the court may strike surplusage from the indictment or information."

"The purpose of a motion to strike under Fed.R.Crim.P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544-545 (9th Cir. 1983). The standard for striking material in the indictment is an "exacting" one, and "the Rule has been construed as not favoring the striking of surplusage." *United States v. Poindexter*, 725 F.Supp. 13, 35 (D.D.C. 1989). The defense is entitled to have matter stricken from the indictment only if such material is both irrelevant and prejudicial. *Id.* at 35. Facts contained in an indictment's allegations should not be stricken even when they are somewhat prejudicial, if they are material and relevant to the charges. *See United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988).

Prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the quantity and type of drug involved in a charge was an issue for sentencing but was not a charging issue. In *Apprendi*, the Supreme Court held that, other than a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum is, in

effect, an element of the crime and must be proved beyond a reasonable doubt. *See Ring v. Arizona*, 536 U.S. 584, 609 (2002).

Since *Apprendi*, in most circumstances, the quantity and type of drug involved are critical elements of a narcotics charge and the trial jury, after a finding of guilt, must determine the drug threshold amount. The pleading of 500 grams or more in the Indictment in this case is a notice of a potential minimum mandatory of a five to forty year sentence. This information is relevant and material and cannot be stricken.

Defendant's Motion to Strike Surplusage from the Indictment [Doc. 27] is **DENIED**.

DATED this 4th day of January, 2011.

                                 _/s/ Richard F. Cebull_____
                                 RICHARD F. CEBULL
                                 U.S. DISTRICT COURT JUDGE