IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Cause No. CR-10-100-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **DUPLICITY** |
| **JEROME DANIEL MANCUSO,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a Motion to Dismiss Counts I-V on the ground they are duplicitous. The government opposes said motion.

Duplicity is the joining in a single count of two or more distinct and separate offense. *E.g.*, *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). The prohibition against duplicitous counts serves multiple purposes: (1) providing adequate protection against double jeopardy in a subsequent prosecution; (2) providing adequate notice to the defendant; (3) preventing a conviction produced by a verdict that may not be unanimous as to any one of the crimes charged in a duplicitous count; (4) avoiding a general guilty verdict that might conceal a finding of guilt as to one of the crimes charged in a duplicitous

count and not guilty as to the others; (5) providing a basis for appropriate sentencing; (6) protecting against prejudicial evidentiary rulings at trial; and (7) protecting against limited review on appeal.

A duplicitous count is not fatal to an indictment, so it need not be dismissed. *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001). "The rules about ... duplicity are pleading rules, the violation of which is not fatal to an indictment. Defendant's remedy is to move to require the prosecution to elect ... the charge within the count upon which it will rely. Additionally, a duplicitous ... indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count in the indictment." *Ramirez-Martinez*, 273 F.3d at 915, citing *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir.1981). In other words, a defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed. *Ramirez-Martinez*, 273 F.3d at 915.

The jury will be required to make a determination based upon the instructions at the time of trial and all members of the jury will be required to

agree as to which of the distinct charges the defendant did or did not actually commit.   Defendant's Motion to Dismiss Counts I-V [*doc. 23*] is **DENIED**.

DATED this 4th day of January, 2011.

                                    _/s/ Richard F. Cebull_____
                                    RICHARD F.  CEBULL
                                    U.S. DISTRICT COURT JUDGE