IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | Cause No. CR-10-100-BLG-RFC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **ORDER REGARDING** |
| ) | **MULTIPLICITY** |
| **JEROME DANIEL MANCUSO,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant has filed a Motion to Dismiss [Doc. 25], claiming that Counts I and II of the Indictment are multiplicitous.  The government opposes said motion.

Defendant was indicted on drug charges on August 23, 2010.  Counts I and II charge Defendant with Possession with Intent to Distribute Cocaine and Distribution of Cocaine, in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions.  *E.g., United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005); *Qualls v. Goldsmith*, 178 Fed.Appx 767, 771 (9th Cir. 2006).

In *Ball v. United States*, 470 U.S. 856 (1985), the Supreme Court outlined how to deal with an indictment with multiplicitous counts.  The Ball Court noted

that the Double Jeopardy Clause does not prohibit the government from proceeding with the prosecution on multiplicitous counts simultaneously, so long as no more than one punishment is imposed. *Id*. at 860 & n.7.

In the event this Court finds that the Indictment is multiplicitous, the Court will remedy the defect at an appropriate time. Therefore, Defendant's Motion to Dismiss Counts I-II because they are Multiplicitous [*doc. 25*] is **DENIED**.

DATED this 4th day of January, 2011.

>  */s/ Richard F. Cebull*_____
>  RICHARD F. CEBULL
>  U.S. DISTRICT COURT JUDGE